IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION
FILED

MAY 22 2018

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. FRANK M. REMBERT AND MICHAEL R. PARADISE,<br><br>Plaintiffs,<br><br>vs.<br><br>BOZEMAN HEALTH DEACONESS HOSPITAL D/B/A BOZEMAN HEALTH, and DEACONESS-INTERCITY IMAGING, LLC D/B/A ADVANCED MEDICAL IMAGING,<br><br>Defendants. | No. CV 15-80-BU-SEH |
| UNITED STATES OF AMERICA EX REL. FRANK M. REMBERT AND MICHAEL R. PARADISE,<br><br>Plaintiffs,<br><br>vs.<br><br>BOZEMAN HEALTH DEACONESS HOSPITAL D/B/A BOZEMAN HEALTH, and DEACONESS-INTERCITY IMAGING, LLC D/B/A ADVANCED MEDICAL IMAGING,<br><br>Defendants. | No. CV 18-18-BU-SEH |

Before the Court are: (1) Motion of Bozeman Health Deaconess Hospital to Quash Subpoena and for Protective Order,[1] (2) Relators' Rule 45(d)(2)(B)(i) Cross-Motion to Compel Compliance with Subpoena *Duces Tecum*,[2] and (3) Relators' Unopposed Motion to Consolidate.[3]

Motions (1) and (2) were filed in the United States District Court for the Northern District of Texas, Dallas Division. Magistrate Judge David L. Horan, of that court, issued an order staying "[a]ny requirement to further comply with the subpoenas at issue."[4] On March 1, 2018, the district court in Texas granted Relators' request to transfer the two motions to this Court, under Federal Rule of Civil Procedure 45(f).[5]

On April 30, 2018, this Court ordered, by agreement of the parties, that "[t]he deposition of Value Management Group, LLC ("VMG") may proceed on May 4, 2018," on the conditions that (1) counsel "not ask questions about the work performed by VMG in 2014," and (2) "[i]f the Court determines that work performed by VMG in 2014 is not privileged, the VMG deposition may be

---

[1] Doc. 1, CV 18-18-BU-SEH.

[2] Doc. 11, CV 18-18-BU-SEH.

[3] Doc. 257, CV 15-80-BU-SEH.

[4] Doc. 5, CV 18-18-BU-SEH.

[5] Doc. 23, CV 18-18-BU-SEH.

reopened to allow the parties to question VMG on that topic only."[6]

## **Background**

Attached to the parties' motions are documents in support which state the following:

(1) On January 31, 2014, Value Management Group, LLC ("VMG") provided T.J. Sullivan of Drinker Biddle & Reath ("DBR") with a "Proposal to Provide Valuation Services" to DBR and DBR's client, Bozeman Deaconess Hospital ("BDH").[7] The proposal was to "perform an independent fair market value analysis at the minority level of Advanced Medical Imaging."[8]

(2) On August 31, 2017, Relators served a Subpoena *Duces Tecum* on VMG, seeking, *inter alia*, VMG's "**entire file** related to the diagnostic imaging joint venture between Intercity Radiology, P.C. ("ICR") . . . and Bozeman Deaconess Hospital."[9] Relators served the same subpoena on VMG on October 5, 2017.[10]

(3) A Subpoena to Testify at a 30(b)(6) Deposition was issued on January

---

[6] Doc. 273 at 1-2, CV 15-80-BU-SEH.

[7] Doc. 1-1 at 6, CV 18-18-BU-SEH.

[8] Doc. 1-1 at 6, CV 18-18-BU-SEH.

[9] Doc. 13 at 58-66, CV 18-18-BU-SEH.

[10] Doc. 13 at 79, CV 18-18-BU-SEH.

3

12, 2018, commanding VMG to appear and testify at a March 2, 2018, deposition on the subject of, *inter alia*, communications between VMG and BDH related to work done by VMG in 2004, 2005, 2009, and 2014.[11]

## Discussion

Fed. R. Civ. P. 45(d)(3)(A) provides, in part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

BHD requests an order (1) quashing, or modifying, the two subpoenas and (2) entering a protective order on the grounds that "documents and testimony regarding the 2014 Engagement are protected by BDH's attorney client privilege and the work product doctrine."[12] The Court has addressed certain documents filed under seal, which related to VMG's valuation work in 2014.[13] By Order of April 5, 2018, the Court determined that the documents filed were not protected by the

---

[11] Doc. 1-1 at 20-23, CV 18-18-BU-SEH.

[12] Doc. 1 at 2, CV 18-18-BU-SEH.

[13] Doc. 262, CV 15-80-BU-SEH.

4

attorney-client privilege or work-product protection.[14]

## BDH has failed to establish that documents and testimony regarding VMG's 2014 engagement are protected by the attorney-client privilege or work-product protection.

The standard for establishing attorney-client privilege is as follows:

> (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.[15]

"The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication."[16] Moreover, "[a] party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted."[17] "Blanket assertions are 'extremely disfavored.'"[18] "The

---

[14] Doc. 262, CV 15-80-BU-SEH.

[15] *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (quoting *United States v. Graf*, 610 F. 3d 1148, 1156 (9th Cir. 2010)).

[16] *Richey*, 632 F.3d at 566 (citing *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)).

[17] *United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) (citing *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977)).

[18] *Martin*, 278 F.3d at 1000 (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice. If the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist."[19]

Attorney work product protection applies to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."[20] Documents are protected that "would not have been created in substantially similar form but for the prospect of litigation."[21]

Here, BDH seeks a blanket determination that the "documents and testimony regarding the 2014 Engagement are protected by BDH's attorney client privilege and the work product doctrine." However, BDH has failed to meet its burden on either issue. The Court cannot make a determination of privilege, under *Martin* and *Richey*, unless the party claiming privilege points out the specific communications it seeks to protect and states supporting grounds as to each piece of evidence,[22] particularly in circumstances where the communications are not

---

[19] *Richey*, 632 F.3d at 566 (citing *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)).

[20] Fed. R. Civ. P. 26(b)(3)(A).

[21] *Richey*, 632 F.3d at 568 (quoting *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004)).

[22] *See Martin*, 278 F.3d at 1000 (citing *Osborn*, 561 F.2d at 1339).

directly between attorney and client.[23] BDH made no such showing for communications or other documents related to the valuation work performed by VMG in 2014. Nor has BDH stated any substantive grounds of entitlement to attorney work-product protection.

The Court has no basis to quash or modify either subpoena or otherwise protect the related documents from being produced or discussed at deposition. Likewise, the Court finds no good cause for the issuance of a protective order under Federal Rule of Civil Procedure 26(c)(1).

ORDERED:

1. BHD's Motion of Bozeman Health Deaconess Hospital to Quash Subpoena and for Protective Order[24] is DENIED, without prejudice to renewal. BDH may renew its motion, on or before May 25, 2018, if it files with the Court, *in camera*, the specific communications it seeks to protect as privileged.[25]

2. If BDH takes the steps described in paragraph 1, the Court will issue an order determining privilege with respect to the specific documents submitted. If such documents are not privileged, the VMG deposition may be reopened, under

---

[23] *See Richey*, 632 F.3d at 567 (citing *Osborn*, 561 F.2d at 1339).

[24] Doc. 1, CV 18-18-BU-SEH.

[25] Any renewal of this motion shall be filed in Cause No. CV 15-80-BU-SEH. *See* paragraphs 1-4 below.

7

the conditions stated in the Court's Order of April 30, 2018.[26]

    3.     If BDH fails to take the steps described in paragraph 1:

        a.     Magistrate Horan's stay of "[any] requirement to further comply with the subpoenas at issue,"[27] shall be deemed lifted;

        b.     Communications related to the work performed by VMG in 2014 shall be deemed unprotected by attorney-client privilege or work-product protection; and

        c.     The VMG deposition may be reopened under the conditions stated in the Court's Order of April 30, 2018.[28]

    3.     Relators' Rule 45(d)(2)(B)(i) Cross-Motion to Compel Compliance with Subpoena *Duces Tecum*[29] is DENIED as moot.

FURTHER ORDERED:

    1.     Relators' Unopposed Motion to Consolidate[30] is GRANTED, as follows.

    2.     Cause No. CV-18-18-BU-SEH and Cause No. CV 15-80-BU-SEH are

---

[26] Doc. 273, CV 15-80-BU-SEH.

[27] Doc. 5, CV 18-18-BU-SEH.

[28] Doc. 273, CV 15-80-BU-SEH.

[29] Doc. 11, CV 18-18-BU-SEH.

[30] Doc. 257, No. CV-15-80-BU-SEH.

consolidated for resolution of issues related to Bozeman Health Deaconess's Motion to Quash Subpoena[31] and Relators' Cross-Motion to Compel Compliance.[32]

3. Documents filed in the consolidated action shall be captioned in the same manner as documents previously filed in Cause No. CV 15-80-BU-SEH, and shall be maintained and docketed in Cause No. CV-15-80-BU-SEH.

5. The clerk is directed to close Cause No. CV 18-18-BU-SEH.

DATED this 22nd day of May, 2018.

SAM E. HADDON
United States District Judge

---

[31] Doc 1, No. CV-18-18-BU-SEH.

[32] Doc 11, No. CV-18-18-BU-SEH.

9